**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROSS GREENWOOD, | ) | CASE NO: 4:25CV1759 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| CIGNA HEALTH AND LIFE INS. CO., | ) | |
| et al., | ) | **(Resolves Doc. 21)** |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss filed by Defendants Cigna Health

and Life Insurance Company  and Evernorth Behavioral Health, Inc. (collectively

"Cigna").  Doc. 21.  Plaintiff Ross Greenwood has opposed the motion, and Cigna has

replied in support. Upon review, the motion to dismiss is GRANTED as Greenwood lacks

standing to bring the claims in the complaint.

I.      **Factual Background**

Greenwood is a former member of a self-insured health plan that was sponsored by

his spouse's employer.  Cigna administered the plan.  The plan included coverage for

residential mental health treatment if found to be medically necessary.  Greenwood was

admitted for residential treatment for major depression in January of 2024.  He remained

in treatment until April 23, 2024.  Greenwood sought coverage for this period of treatment,

and on August 23, 2024, Cigna denied coverage.

Greenwood's complaint focuses upon his allegations that Cigna improperly relied

upon the MCG Behavioral Health Guidelines when finding that his stay was not medically

necessary.   Based  upon  this  assertion,  Greenwood  filed  his  purported  class  action

complaint alleging claims under ERISA for breach of fiduciary duty, violation of plan terms, and breach of co-fiduciary duty. Greenwood's complaint seeks declaratory and injunctive relief to prohibit the ongoing use of the MCG Guidelines. Greenwood also seeks reprocessing of his claims without application of those guidelines.

Cigna has moved to dismiss the complaint arguing that it falls short in numerous ways. Greenwood has opposed that motion, and Cigna has replied. The Court now resolves the parties' arguments.

## II. Motion to Dismiss

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. c. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

2

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

The Court need accept only the complaint's well-pleaded factual allegations as true. *Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018). "[L]egal conclusion[s] couched as factual allegation[s]," on the other hand, "need not be accepted as true." (citing *Twombly*, 550 U.S. at 555). After legal conclusions are disregarded, the complaint must set forth facts that "raise a right to relief above the speculative level." *Id.*

## III.  Standing

Cigna first contends that Greenwood's status as a *former* plan member, coupled with his choice to seek injunctive and declaratory relief, must result in a conclusion that he lacks standing to pursue the claims.  Upon review, the Court agrees.

Constitutional standing to sue is an aspect of Article III's case-or-controversy requirement. *Northeastern Fla. Chapter, Assoc. Gen. Contractors of Am. v. Jacksonville*, 508 U.S. 656, 663-64 (1993). "To satisfy Article III's standing requirements, a plaintiff must show: '(1) it has suffered an 'injury in fact' that is (1) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to

the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Cleveland Branch, NAACP v. City of Parma, Ohio*, 263 F.3d 513, 523-24 (6th Cir.2001) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000)).

Initially, upon review, the Court finds itself in agreement with the authorities detailed in Cigna's motion that finds that former plan participants cannot seek forward looking relief because they do not "'have a concrete stake' in the outcome of the suit, as Article III requires of plaintiffs in all cases." *Navarro v. Wells Fargo & Co.*, No. 24-CV-3043 (LMP/DTS), 2025 WL 897717, at *11 (D. Minn. Mar. 24, 2025)(quoting *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 542 (2020).  It is a plaintiff's obligation to establish standing by demonstrating that "they face a 'real and immediate threat' of future harm." *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).Under the facts alleged here, to the extent that Greenwood seeks to prohibit the use of the MCG Guidelines *in the future*, his status as a former plan participant compels the conclusion that he does not have a concrete stake in the outcome.  Any future processing of mental health claims under the existing plan will *never* impact Greenwood.  Accordingly, regardless of any argument surrounding *statutory* standing, Greenwood cannot meet the requirement of Article III standing.  *See Thole*, 590 U.S. at 547 (""There is no ERISA exception to Article III.").

Greenwood, however, also argues that his request for reprocessing is proper and confers standing to allow the matter to proceed.  The Court disagrees.  With respect to this argument, the Court agrees with logic espoused in *Bailey v. Anthem Blue Cross Life & Health Ins. Co.*, No. C 16-04439 JSW, 2018 WL 10604451, at *3 (N.D. Cal. Dec. 7, 2018).  In evaluating a similar claim, the district court there concluded:

> Thus, a plaintiff may have standing to sue for damages for past wrongs, and yet lack standing to sue for prospective relief. Under these circumstances, because Plaintiff Bailey cannot be expected to suffer adverse consequences of Anthem's conduct in the future, the Court finds that she has standing to sue for damages but lacks standing to sue for declaratory relief that her past rights were violated.

*Id*. (citation and quotation omitted).  The Court reached this result precisely because Bailey was no longer a plan participant.  As Greenwood has not raised any claim in which he seeks damages, he lacks standing to pursue the claims in the complaint.

The Court would note that even if it were to conclude that Greenwood could pursue a reprocessing remedy as a former plan participant, the complaint wholly fails to allege in his complaint that such a remedy would actually redress his injury.  Greenwood time and again argues that the denial of benefits, standing alone, is a concrete harm sufficient to establish standing. However, if Greenwood's injury is the denial of benefits, he must, at a minimum, allege that reprocessing will remedy that injury.  In other words, Greenwood must allege that absent use of the MCG Guidelines, he would be entitled to benefits.  Given the allegations in the complaint, Greenwood *cannot* maintain such an argument.  The denial of his benefits makes clear that the finding of medical necessity was *not* based solely on the MCG Guidelines.  Rather, the denial letter detailed that Cigna relied on more than the Guidelines in denying the claim.   Based upon the above, the Court concludes that Greenwood "may not forgo an award of damages only to seek *less* adequate forms of equitable relief[.]"  *Smith on behalf of Smith v. Health Care Serv. Corp.*, No. 19 C 7162, 2021 WL 963814, at *5 (N.D. Ill. Mar. 15, 2021)(finding lack of standing to pursue reprocessing because Congress has provided adequate relief via an award of benefits due under the plan).

**IV.**        **Conclusion**

Cigna's motion to dismiss for lack of standing is GRANTED.  The complaint is

hereby dismissed.

IT IS SO ORDERED.


August 6, 2026                                                            /s/ *Judge John R. Adams*
Date                                                            JUDGE JOHN R. ADAMS
                                                            UNITED STATES DISTRICT COURT

6